UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RANDALL GRUBBS,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA,<br><br>Defendants. | No. 2:20-cv-01594-KJM-CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Currently pending before the court is defendant's motion to dismiss.  ECF No. 7.  Plaintiff has not filed any opposition to the motion.  For the reasons explained below, the undersigned recommends granting defendant's motion to dismiss plaintiff's complaint with prejudice.

      Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.  Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## I.     Allegations in the Complaint

Plaintiff filed this complaint against defendant Bank of America seeking to recover $2,520 which went missing from an unspecified bank while he was incarcerated. There are no facts in the complaint alleging any specific cause of action against defendant.

## II.    Motion to Dismiss

On September 1, 2020, defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion first asserts that the complaint fails to state a claim for relief under 42 U.S.C. § 1983 because Bank of America is not a state actor. Defendant also contends that the complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because this court lacks subject matter jurisdiction.

## III.   Legal Standards

The federal in forma pauperis statute provides that a court "shall dismiss the case at any time if the court determines that ... the action or appeal ... is frivolous or malicious; ... fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

## IV.    Analysis

The court has reviewed plaintiff's complaint and concludes that it fails to state a claim upon which relief can be granted under federal law. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the

1  United States was violated, and (2) that the violation was committed by a person acting under the
2  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).  The allegations in plaintiff's
3  complaint fail to identify any constitutional or statutory violation that was committed by
4  defendant while acting under color of state law.  As a result, plaintiff has failed to state a claim
5  under 42 U.S.C. § 1983 and the undersigned recommends granting defendant's motion to dismiss.

6       If the court finds that a complaint should be dismissed for failure to state a claim, the court
7  has the discretion to dismiss with or without leave to amend.  Leave to amend should be granted
8  if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff
9  is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United
10 States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or
11 her complaint, and some notice of its deficiencies, unless it is absolutely clear that the
12 deficiencies of the complaint could not be cured by amendment." (citation omitted)).  However,
13 if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court
14 may dismiss without leave to amend.  Cato, 70 F.3d at 1105-06.  As it appears any amendment in
15 this case would be futile, the undersigned recommends that leave to amend be denied.  Klamath-
16 Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding
17 that while leave to amend shall be freely given, the court does not have to allow futile
18 amendments).

19      As an additional ground for dismissing the complaint, defendant asserts that this court
20 lacks subject matter jurisdiction over the complaint.  The federal courts are courts of limited
21 jurisdiction.  See U.S. Const. art. III, § 2, cl. 1.  A federal district court generally has original
22 jurisdiction over a civil action when: (1) a federal question is presented in an action "arising
23 under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of
24 citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).  In
25 the absence of a basis for federal jurisdiction, plaintiffs' complaint cannot proceed in this venue.
26 The undersigned has already determined that there is no federal question jurisdiction in the
27 present suit because plaintiff's complaint fails to state a claim under 42 U.S.C. § 1983.  The court
28 additionally finds that there is no basis for diversity jurisdiction in this case because both plaintiff

3

and defendant are located in California and the amount in controversy does not exceed $75,000. For these reasons, the undersigned recommends granting defendant's motion to dismiss based on lack of jurisdiction as well.

### V. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

It is recommended that your complaint be dismissed because it fails to state any cognizable claim for relief and because this court lacks jurisdiction. Allowing you to amend the complaint would be futile. As a result, it is recommended that you not be granted leave to amend your complaint and that this civil action be dismissed with prejudice.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct result. Label your explanation as "Objections to the Magistrate Judge's Findings and Recommendations."

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

IT IS FURTHER RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 7) be granted;

2. Plaintiff's complaint be dismissed with prejudice; and,

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 24, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/grub1594.mtd.docx

5